UNITED STATES of America, Plaintiff—Appellee,

v.

Rodney Wayne COX, Sr., Defendant—Appellant.

No. 04–10518.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 18, 2005.

Decided Oct. 21, 2005.

---

---

Michael Kemp, USPX—Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Brian F. Russo, Law Office of Brian F. Russo, Esq., Scottsdale, AZ, for Defendant–Appellant.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM *

Rodney Wayne Cox appeals the district court's denial of his motion to suppress on the ground that Officer Simonick used excessive force to seize him, in violation of the Fourth Amendment. We affirm.

Balancing "the nature and quality of the intrusion on [Cox's] Fourth Amendment interests against the countervailing governmental interests at stake," Simonick's seizure of Cox was reasonable. *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989) (citations and internal quotation marks omitted). Simonick's conduct in pointing his gun at Cox for ten seconds and holstering his weapon immediately upon gaining control over him was not, as Cox asserts, extreme. Although the crime at issue was not severe, Simonick's belief that Cox posed an immediate threat to his safety was objectively reasonable: Simonick, who observed Cox's gang colors, was aware that members of motorcycle gangs often carried concealed weapons, Cox's efforts to evade Simonick suggested that he might make additional efforts to avoid police intervention, and Cox boldly approached the oncoming Simonick before stopping, face-to-face, a short distance in front of him. Further, Simonick reasonably determined that Cox was "attempting to evade arrest by flight," *id.*, in light of Cox's apparent recognition of Simonick and subsequent driving behavior. Under these circumstances, Simonick's limited use of his gun was "reasonably necessary." *Miller v. Clark County,* 340 F.3d 959, 966 (9th Cir. 2003).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

